## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DANIEL MEDINA and NIKITA GROSS,<br><br>   Plaintiffs,<br><br> v.<br><br>PUBLIC STORAGE, INC., a Maryland Real Estate Investment Trust, WILLIS INSURANCE SERVICES OF CALIFORNIA, INC., a California Corporation, and PS ILLINOIS TRUST,<br><br>   Defendants. | Civil Action No. 12 cv 170<br><br>Cook County Circuit Case No. 2011-L-011664 |

## NOTICE OF REMOVAL

Defendants Public Storage (erroneously sued as Public Storage, Inc.) and PS Illinois Trust (collectively "Public Storage"), by and through their undersigned attorneys, hereby give notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court of the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1451.

## I.  BACKGROUND

1. On November 18, 2011, Plaintiffs Daniel Medina and Nikita Gross (collectively "Plaintiffs") filed a class action complaint in the Circuit Court of Cook County, Illinois under the caption *Medina, et al. v. Public Storage, Inc., et al.,* Case No. 2011-L-011664 ("Circuit Court Action")

2. A Summons and Complaint initiating this lawsuit were served upon Public Storage on or about December 11, 2011.[1]

3. The Summons and Complaint are the only pleadings, process or orders that exist in this case to date.  Copies of the Summons and Complaint are attached hereto as Exhibit A.

---

[1] Service of process may not have been effectuated properly.  Investigation continues.

4. The Complaint alleges that Plaintiffs are residents of Cook County, Illinois. Ex. A at ¶ 9. The Complaint further alleges that defendant Public Storage is a Maryland corporation with its principal place of business in California, and that defendant PS Illinois Trust is wholly owned and operated by Defendant Public Storage. Ex. A at ¶¶ 10, 12.

5. The Complaint alleges that Public Storage failed to properly secure their storage facilities and unreasonably denied insurance benefits to Illinois insureds who purchase rental insurance coverage at self-storage facilities doing business as Public Storage. Ex. A at ¶¶ 2-7. The Complaint seeks to enjoin Public Storage's alleged unlawful, unfair and fraudulent business practices, declaratory relief regarding certain portions of the agreements between the parties, compensatory damages, actual damages of the proposed class, costs and reasonable attorneys' fees among other requests for relief. *Id.* at Prayer for Relief.

## II. GROUNDS FOR REMOVAL

6. Plaintiffs' claims are removable because (a) the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (b) the Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA").

A. **Plaintiffs' Claims Are Diverse In Nature and Are Removable Under §§ 1332 and 1441**

7. A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a) & (b). A federal court has original jurisdiction over an action either under federal question jurisdiction pursuant to 28 U.S.C. § 1331 or under diversity jurisdiction pursuant to 28 U.S.C. §1332. Removal is proper in this case because the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

8. A federal court has diversity jurisdiction over an action where complete diversity exists and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

9. As stated in their Complaint, Plaintiffs Daniel Medina and Nikita Gross are citizens of the State of Illinois and no other state. Ex. A at ¶ 9. Moreover, Plaintiffs' putative

class is made up almost entirely of citizens of Illinois. (Ex. A at ¶ 27 (alleging that the Class consists Plaintiffs and all other persons who "rented a storage unit from Defendant Public Storage in Illinois.")).

10. At the time this action was commenced, defendant Public Storage was (and remains) a real estate investment trust organized under the laws of the state of Maryland with its principal place of business in Glendale, California. Accordingly, defendant Public Storage is not a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1).

11. At the time this action was commenced, it is believed that defendant Willis Insurance Services of California, Inc. was (and is) a corporation organized under the laws of California with its principal place of business in Los Angeles, California. Ex. A at ¶ 11. Accordingly, defendant Willis Insurance Services of California is not a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1).

12. At the time this action was commenced, defendant PS Illinois Trust was (and remains) organized under the laws of the state of Delaware with its principal place of business in Glendale, California. Ex. C (Affidavit of Alan Grossman) at ¶ 5. Accordingly, defendant Public Storage is not a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1).

13. Plaintiffs' claims that the proposed class is entitled to compensatory damages and aggregated actual damages based upon the allegation that the items stored in the storage unit they rented from Public Storage, as well as the storage units rented by the remainder of the proposed class, were stolen as a result of Public Storage's failure to properly secure their storage facilities in Illinois. Plaintiffs further allege that the class members' insurance claims for burglary losses at Public Storage facilities were wrongfully denied on the basis that there was no physical damage to the door or hasp of the storage unit to qualify as "forcible entry."

14. The amount in controversy exceeds the $75,000 jurisdictional minimum, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a), based upon the value of damages associated with the claims Plaintiffs are alleging on behalf of themselves and the proposed class, including compensatory damages and aggregated actual damages of Plaintiffs

and the proposed class. Ex. A at Prayer for Relief. Although Plaintiffs fail to quantify the alleged damages they and the proposed class have purportedly incurred and are seeking, a review of Public Storage's records indicates that over 400 people meet the criteria for the class Plaintiffs propose in the Complaint and all have policy limits of at least $2,000.00 for the rental insurance coverage they purchased concurrently with renting a storage unit from Public Storage. *See* Ex. B (Affidavit of Dunia Hamden) at ¶ 4; *see also* Ex. A at ¶ 18 (Plaintiffs' policy limit was $2,000 limit and the monthly premium for such coverage was $8). Assuming that all of the potential class members join the class and make claims for their policy limits, the amount in controversy will exceed $800,000. *See, e.g.*, *Meridian SSEC. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (removing defendant may establish the jurisdictional amount "by calculation from the complaint's allegations," or by "introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.").

15. Since there is complete diversity of citizenship between the parties to this action and the matter in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a). Accordingly, Public Storage may remove this action to this Court pursuant to 28 U.S.C. §1441 *et seq.*

**B.     The Complaint is Also Removable Under CAFA**

16. This Court also has jurisdiction of this action pursuant to CAFA. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.,* minimal diversity exists); 2) the putative class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).[2]

---

[2] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23, or "similar State statute or rule of judicial procedure," such as 240 ILCS 10/13 et seq. 28 U.S.C. § 1332(d)(1)(B).

### (1) Complete Diversity Exists Between Plaintiffs and Defendants

17.     Plaintiffs are citizens of Cook County, Illinois. Ex. A at ¶ 9. Plaintiffs' putative class is made up almost entirely of citizens of Illinois. Ex. A at ¶ 27 (the class consists of persons who "rented a storage unit from Defendant Public Storage in Illinois"). Defendant Public Storage was (and remains) a real estate investment trust organized under the laws of the state of Maryland with its principal place of business in Glendale, California. Ex. A at ¶ 10; Ex. B at ¶3; Ex. C at ¶4. Accordingly, defendant Public Storage is not a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). Defendant Willis Insurance Services of California, Inc. was (and is) a corporation organized under the laws of California with its principal place of business in Los Angeles, California. Ex. A at ¶ 11. Accordingly, defendant Willis Insurance Services of California is not a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). Defendant PS Illinois Trust was (and remains) organized under the laws of the state of Delaware with its principal place of business in Glendale, California. Ex. C at ¶ 5. Accordingly, defendant Public Storage is also not a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). Accordingly, none of the defendants are citizens of the State of Illinois, and therefore is not only minimal diversity, but complete diversity. 28 U.S.C. § 1332(d)(2)(A).

### (2) Number of Class Members Exceeds 100

18.     Plaintiffs bring this class action on behalf of "all other persons who, at any time from four years proceeding this Complaint through and including the time of trial in this matter: (1) rented a storage unit from Defendant Public Storage in Illinois; (2) purchased coverage for said storage unit as an insured under a Willis policy; and (2) [*sic*] submitted a claim for a burglary loss that was denied on the grounds that there was insufficient evidence to establish 'forcible entry.'" Ex. A at ¶ 27. While Plaintiffs fail to identify the number of people the proposed class may entail, a review of Public Storage's records indicates that over 400 people meet the criteria for the proposed putative class. *See* Ex. B at ¶ 4. Therefore, the requirement in CAFA that the putative class consist of more than 100 members is readily satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### (3) Amount in Controversy Exceeds $5,000,000

19. The amount in controversy in this case easily exceeds the statutory requirement of $5,000,000. Plaintiffs are alleging on behalf of themselves and the proposed class, including compensatory damages and aggregated actual damages of Plaintiffs and the proposed class. Ex. A at Prayer for Relief. Although Plaintiffs fail to quantify the alleged damages they and the proposed class have purportedly incurred and are seeking, a review of Public Storage's records indicates that over 400 people meet the criteria for the class Plaintiffs propose in the Complaint and all have policy limits of $2,000.00 to $5,000.00 for the rental insurance coverage they purchased concurrently with renting a storage unit from Public Storage. *See* Ex. B at ¶ 4; *see also* Ex. A at ¶ 18 (Plaintiffs' policy limit was $2,000 limit and the monthly premium for such coverage was $8). *See, e.g.*, *Meridian SSEC. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (removing defendant may establish the jurisdictional amount "by calculation from the complaint's allegations," or by "introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands."). Plaintiffs, however, are not limiting their requested damages to the policy limits, but are seeking the actual damages they allegedly incurred because of Public Storage's actions, which includes the value of the items that were allegedly stolen from each one of the class members' storage units. Assuming that the average value of the contents of the class members' storage units was $5,000, Plaintiffs are seeking $2,000,000.00 in actual damages.

20. Actual damages, however, is the smaller portion of the potential damages at stake in this case. Plaintiffs are seeking to (i) invalidate certain paragraphs of the rental agreement(s) that Public Storage utilizes at its storage facilities in Illinois, which would necessarily affect the rental agreement(s) Public Storage utilizes at its storage facilities in various other states as well; (ii) invalidate certain portions of the Insurance Election Addendum to Rental Agreement, and (iii) challenge the security measures and protocols Public Storage utilizes at its storage facilities nationwide. If Plaintiffs are successful in each one of these challenges, Public Storage will be

forced to incur well over $5,000,000 in hard costs and man hours to address such issues. Ex. C at ¶¶ 7-9.

21. Plaintiffs are also challenging Public Storage's nationwide practices under California's Unfair Competition Laws, Business & Professions Code § 17200, et seq. Ex. A at ¶¶ 89-100. Although the intent of this claim is unclear, it appears to be an effort to seek either restitution or an injunction on a nationwide basis. If Plaintiffs are successful in challenging or altering the allegedly "unlawful and unfair business practices" spectrum, costs Public Storage will have to endure as outlined in the attached Affidavit of Alan Grossman will be compounded. Therefore, if Plaintiffs prevail in certifying a type of nationwide class, Public Storage's liability will multiply well beyond that already allegedly at stake, which is currently believed to be well in excess of $5,000,000.

22. In addition to the millions of dollars Plaintiffs are seeking to force Public Storage to expend through this lawsuit, Plaintiffs are also seeking attorneys' fees. Attorneys' fees on nationwide class actions of this nature can soar into the millions of dollars.

### (4) No Exceptions to CAFA Jurisdiction

23. Plaintiffs bear the burden of showing that an exception to CAFA jurisdiction applies. No exception applies in this situation.

24. Accordingly, all of the requirements of CAFA are satisfied in this actions and this Court has jurisdiction of this action pursuant to CAFA

### III. COMPLIANCE WITH REMOVAL STATUTE

25. This Notice of Removal was properly filed in the United States District Court for the Northern District of Illinois because the Circuit Court of Cook County, Illinois is located in this federal judicial district. 28 U.S.C. § 1441(a).

26. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

27. Public Storage was served on December 11, 2011. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) having been filed with this Court within thirty (30)

days after receipt by Public Storage of the Summons and Complaint. A review of the online docket reveals that no other defendants other than the Public Storage defendants have been served at this time.

28. Consent to federal jurisdiction should not be necessary given the bases for diversity jurisdiction identified above. Moreover, the non-served defendant(s) need not join in this notice of removal. *See, e.g., Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (explaining that a party who has "not yet been served with process" need not join in the notice of removal) (abrogated on other grounds); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993) (explaining that the consent of a defendant served after filing of the removal petition was not needed).

29. Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings, and orders served upon Public Storage in respect to this action, which is limited to the Summons and Complaint, are attached. *See* Ex. A.

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy, along with a Notice of Filing the Notice of Removal, is being filed with the Clerk of the Circuit Court of Cook County, Illinois.

31. This Notice of Removal does not waive any objections to defects in process or service of process, jurisdiction, venue, or any other defense.

### IV. CONCLUSION

For the foregoing reasons, Public Storage respectfully request that this Court exercise jurisdiction over this removed action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois.

//

//

//

//

- 9 -

Dated:  January 10, 2012          s/ Dean A. Dickie

        Dean A. Dickie (dickie@millercanfield.com)
        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
        225 West Washington Street, Suite 2600
        Chicago, IL  60606
        Phone: (312) 460-4227
        Fax:     (312) 460-4288

*Counsel for Defendants Public Storage and PS Illinois Trust*

**Certificate of Service**

I hereby certify that on January 10, 2012, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system.

On January 10, 2012, the foregoing Notice of Removal was served by First Class U.S. Mail, postage prepaid, on the following:

Carla D. Aikens, Esq.
CARLA D. AIKENS, P.C.
Post Office Box 6062
Vernon Hills, IL  60061
Phone:  (847) 281-7153
Fax:  (877) 454-1680

Henri Harmon, Esq.
Ethan Dunn, Esq.
MAXWELL DUNN, PLC
26399 Woodward Avenue
Huntington Woods, MI  48070
Phone:  (248) 246-1166
Fax:  (248) 565-2480

            /s/ Dean A. Dickie
            Dean A. Dickie