IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL MEDINA and NIKITA GROSS,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIC STORAGE, INC., a Maryland Real Estate Investment Trust, WILLIS INSURANCE SERVICES OF CALIFORNIAN, INC., a California Corporation, and PS ILLINOIS TRUST,<br><br>Defendants. | Civil Action No. _____<br><br>Cook County Circuit Case No. 2011-L-011664 |

## AFFIDAVIT OF ALAN GROSSMAN IN SUPPORT OF

## DEFENDANT PUBLIC STORAGE'S NOTICE OF REMOVAL

I, Alan Grossman, declare as follows:

1. I am over the age of 18 and am competent to make this declaration. I have personal knowledge of the facts stated herein as a result of my employment with Public Storage ("Public Storage") and, if called to testify concerning them, could do so competently.

2. I am employed by Public Storage. I am the Senior Vice President and Chief Financial Officer Public Storage's Self-Storage Operations. I have held this position for approximately six years. In total, I have been with the company for more than 20 years. As Senior Vice President and Chief Financial Officer, I oversee the financial reporting of the self-service storage business and help to develop the policies and procedures of the self-service storage operations.

3. On December 11, 2011, Public Storage first received notice of this action when it was served with process and the Complaint in this action in the Circuit Court of Cook County, Illinois under the caption *Medina, et al. v. Public Storage, Inc., et al.*, Case No. 2011LO11664.

4. Public Storage is a Maryland Real Estate Investment Trust organized under the laws of the state of Maryland. Its principal place of business is in California. Its headquarters are located at 701 Western Avenue, Glendale, California, which is where much of the company's management, operational, and administrative personnel are located.

5. PS Illinois Trust is a Delaware Corporation with its principal place of business in Glendale, California.

6. Public Storage owns and operates over 2,000 storage facilities, totaling over 129,000,000 in net rentable square feet, in at least 38 states. Although the number of storage units at each facility varies, in general each storage facility has at least a few hundred and can have as many as a few thousand storage units that are regularly rented to the public. From December 2007 to the present, Public Storage has had more than 5,000,000 storage tenants nationwide.

7. Based on the Complaint, it is my understanding that plaintiffs are seeking to invalidate certain paragraphs of the rental agreement(s) that Public Storage utilizes at its storage facilities in Illinois, which would necessarily affect the rental agreement(s) Public Storage utilizes at its storage facilities in various other states as well. If plaintiffs are successful in invalidating the challenged paragraphs of Public Storage's rental agreement(s), Public Storage will be forced to spend hundreds of thousands of man hours in revising and re-issuing its rental agreement(s), retooling its training programs and materials, retraining thousands of Public Storage property managers and employees who present and explain contracts to customers throughout the country, and communicate with potentially millions of customers across the nation, among other things. I estimate that it would cost us over $3,000,000 in hard costs and man hours to address these issues alone.

8. Moreover, it is my further understanding that plaintiff is seeking to invalidate a portion of the Insurance Election Addendum to Rental Agreement ("insurance agreement") offered to individuals who rent storage units from Public Storage. This would present many of the problems noted above in paragraph 7. Plus, Public Storage would be forced to renegotiate the terms of its agreement with defendant Willis Insurance Services of California, Inc. or potentially find a new insurance company to provide storage insurance to Public Storage's customers. In addition to the time and expense associated with these negotiations, Public Storage will also be forced to spend thousands of man hours retraining thousands of Public

Storage employees who present the Willis storage insurance program to our customers on behalf of Willis across the country regarding the change of insurance coverage, contacting tens or hundreds of thousands of current Public Storage customers on behalf of Willis who have signed insurance agreements containing the challenged language, and issue new insurance agreements nationwide, among other things. I estimate that it would cost us over $1,000,000 in hard costs and man hours to address the invalidation of requested portion of the insurance agreement.

9. Furthermore, it appears that plaintiffs are also attacking the security measures implemented by Public Storage nationwide as indicated by their Eighth Cause of Action. Although the complaint is not specific, if Public Storage's security measures are found to be lacking in any way, then Public Storage will most likely be forced to undergo a time consuming investigation and analysis of its nationwide security measures and potentially invest thousand of man hours re-tooling its security protocols, retraining its property managers and employees in the revised security measures, and re-issuing its security protocols, among other things. Without knowing the full extent of the challenges to Public Storage's security measures and protocols that plaintiffs are challenging or what they are seeking to change, I estimate that a general overhaul of Public Storage's security measures and protocols will cost us over $1,000,000 in hard costs and man hours.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this Declaration was executed on January 10, 2012, at Glendale, California.

Alan Grossman